# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: E.S., N.S., S.S., and R.S.

No. 16-0821 (Wood County 15-JA-11, 15-JA-12, 15-JA-13, & 15-JA-14)

## MEMORANDUM DECISION

Petitioner Mother K.S., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's August 1, 2016, order terminating her parental rights to E.S., N.S., S.S., and R.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Keith White, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that a substantial change in circumstances warranted a modification of disposition and in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition against petitioner and her husband. According to the petition, law enforcement raided the home that same month and found heroin, cocaine, marijuana, and methamphetamine therein. The DHHR further alleged that some of the controlled substances were accessible to the children. Both the parents were arrested, and petitioner was charged criminally with maintaining a dwelling for the sale of controlled

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

substances. According to law enforcement, five other individuals, all of whom had intravenously administered heroin within the preceding two hours, were also arrested in the home. Moreover, the petition alleged that the home was in deplorable condition, as evidenced by rat feces in a play pen and various needles throughout the home.

During an adjudicatory hearing in February of 2015, petitioner stipulated to the allegations in the petition, and the circuit court granted petitioner an improvement period. Thereafter, in May of 2015, the circuit court held a review hearing, during which the DHHR presented evidence regarding petitioner's noncompliance. According to the DHHR, petitioner missed seven drug screens and tested positive on five other occasions. Further, the DHHR alleged that petitioner missed several scheduled services, including a substance abuse evaluation, parenting education, and life skills education. Petitioner also violated visitation rules by giving the children a family member's phone number. As such, the circuit court found that petitioner failed to comply with the terms of her improvement period and revoked the same.

In June of 2015, the circuit court held a dispositional hearing, during which it denied petitioner's motion for an improvement period. Despite finding that petitioner was unable to correct the conditions of abuse and neglect, the circuit court ordered that the children remain in the DHHR's custody instead of terminating petitioner's parental rights because the children's father was progressing in his improvement period. According to the circuit court, it envisioned that the family could ultimately be reunified if both parents progressed appropriately, thus it declined to terminate petitioner's parental rights at that time. However, the circuit court indicated that, in order for it to modify her disposition, petitioner would need to address her substance abuse, depression, and housing issues.

In May of 2016, the circuit court held a dispositional hearing in regard to the father and ultimately terminated his parental rights. That same month, the DHHR filed a motion to modify petitioner's disposition and terminate her parental rights. In July of 2016, the circuit court held a hearing on this motion. According to the DHHR, petitioner had addressed her substance abuse issues through the requirements of her probation. However, the DHHR argued that petitioner failed to correct the issues of depression and housing. Ultimately, the circuit court found that the termination of the father's parental rights and the children's ability to obtain permanency through adoption by their foster family constituted a substantial change in circumstances warranting a modification of disposition. Moreover, the circuit court found that petitioner failed to remedy the conditions of depression and housing that contributed to the children's abuse. As such, the circuit court terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below or in its termination of petitioner's parental rights.

To begin, the Court finds no error in the circuit court's findings that a material change in circumstances warranted modification of its prior dispositional order concerning petitioner. On appeal, petitioner argues that the circuit court erred in finding that the termination of the father's parental rights and the possibility for the children to achieve permanency through adoption constituted a material change in circumstances. We do not agree. Pursuant to West Virginia Code § 49-4-606(a), a circuit court "may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests." Here, it is clear that the termination of the father's rights alone constituted a material change in circumstances, given that the circuit court clearly based its prior, less-restrictive disposition on the fact that the father was progressing in an improvement period at the time.

Specifically, during the June of 2015 dispositional hearing for the mother, the circuit court stated that it was leaving petitioner's parental rights intact while the father's case continued so that she could receive services in an attempt to correct the underlying conditions of abuse and neglect. In fact, in imposing petitioner's disposition in June of 2015, the circuit court plainly stated that petitioner would be unable to achieve reunification with the children until such time as she addressed "1) her substance abuse; 2) her depression[;] and 3) her housing issue." Moreover, in the order following the June of 2015 dispositional hearing, the circuit court ordered the DHHR to assist petitioner in obtaining substance abuse treatment and mental health counseling if petitioner was unable to obtain such services on her own. Finally, the circuit court very clearly told petitioner that "if the father doesn't successfully complete his improvement period, [her disposition] could very easily change" because, at that point, the case would turn on issues of permanency for the children. In short, the circuit court warned petitioner that "she may have her parental rights terminated" under such a scenario, unless she corrected the issues of abuse and neglect herself. As such, it is clear that the termination of the father's parental rights constituted a material change in circumstances under West Virginia Code § 49-4-606(a) to warrant a modification of petitioner's disposition, given that the circuit court only allowed petitioner to retain her parental rights for the duration of the father's proceedings.

Further, the Court finds no error in the circuit court terminating petitioner's parental rights. While it is true that the evidence established that petitioner completed substance abuse treatment and remained free of controlled substances for approximately one year, the evidence below was also clear that petitioner failed to remedy the additional issues of abuse and neglect necessary to achieve reunification with the children. As noted above, substance abuse was only one issue that the circuit court required petitioner to correct before she could achieve

reunification. The record on appeal supports the circuit court's findings that petitioner failed to correct the outstanding issues of mental health and housing, despite the fact that she had over one year from her original dispositional hearing to address these issues before the hearing to modify the dispositional order.

On appeal, petitioner argues that the DHHR failed to present any evidence that her housing was inappropriate or that her depression interfered with her ability to parent the children. The Court, however, does not agree. It is important to note that petitioner stipulated to the allegations in the petition, which included an unsuitable home for the children. Moreover, petitioner's improvement period included services designed to remedy this condition of abuse and neglect. However, petitioner's noncompliance with the terms and conditions of her improvement period resulted in the circuit court's finding that she failed to maintain "a safe residence and environment for her children." Further, this condition persisted through petitioner's dispositional hearing in June of 2015, as the circuit court clearly predicated reunification with the children upon her ability to remedy her housing issues. Despite the fact that petitioner had over one year to correct this issue, the evidence at the July of 2016 hearing to modify the dispositional order established that petitioner still had not obtained appropriate housing. According to petitioner, her housing at the time of the hearing on the motion to modify the dispositional order was appropriate. However, the evidence presented shows that the home was inadequate to accommodate petitioner's four children. At the time of the hearing, petitioner resided with her parents and another child in a four-bedroom home. According to the circuit court, this home simply could not accommodate the introduction of four additional children. Petitioner also argues that she applied for housing and that the DHHR failed to show she would not be able to obtain appropriate housing in the future. The Court does not find this argument compelling, as the evidence established that petitioner had not remedied the housing issue, despite having over one year to do so. As such, it is clear that the circuit court had sufficient evidence upon which to find that petitioner failed to remedy the housing issue.

As to her issues with depression, the circuit court similarly predicated reunification with the children upon the correction of this issue. While petitioner argues that her depression was remedied through her substance abuse treatment, there was no evidence submitted below to support this assertion. On the contrary, the DHHR presented evidence that petitioner did not undergo any form of counseling or treatment for this issue in the year between her dispositional hearing and the hearing on the motion to modify the dispositional hearing. This is in spite of the fact that the circuit court specifically ordered the DHHR to help petitioner obtain such services if she was unable to obtain them herself. As such, it is clear that the circuit court did not err in finding that petitioner failed to remedy this issue as well.

Based upon this evidence, the Court cannot find that the circuit court erred in finding that there was no reasonable likelihood petitioner could substantially correct the issues of abuse and neglect. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the

4

abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
. . .

As noted above, petitioner's issues with depression and housing persisted through the abuse and neglect proceedings, despite her initial improvement period and the circuit court's order that she receive services to address these issues even after it entered a dispositional order regarding her. As such, it is clear that the circuit court's finding in this regard was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 1, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis